UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- x
JAMES JONES, *pro se*,                           :
                                                 :
               Plaintiff,          :
                                                 :  **SUMMARY ORDER**
          -against-                    :  13-cv-00293 (DLI) (JMA)
                                                 :
DEUTSCHE BANK NATIONAL TRUST:
COMPANY as Trustee for Fremont Home:
Loans Trust 2006-1,                              :
                                                 :
               Defendant.          :
                                                 :
---------------------------------------------------------- x

**DORA L. IRIZARRY, U.S. District Judge:**

    *Pro se* plaintiff James Jones ("Plaintiff") filed the instant action against Deutsche Bank National Trust Company as Trustee for Fremont Home Loans Trust 2006-1 ("Defendant"),[1] apparently seeking to prevent Defendant from foreclosing on Plaintiff's mortgage because Defendant is not the true owner of the mortgage and lacks standing to bring a foreclosure action. Plaintiff also seeks to proceed *in forma pauperis* ("IFP"). The court grants Plaintiff's request to proceed IFP solely for the purpose of this Summary Order, but otherwise denies the request. For the reasons set forth below, Plaintiff's complaint is dismissed with leave to file an amended complaint.

    In reviewing the complaint, the court is mindful that, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The court construes *pro se* pleadings "to

---

[1] Although not listed as parties in the complaint's caption, throughout the complaint Mortgage Electronic Registrations Systems, Inc. ("MERS") and Fremont Investment & Loan ("Fremont") are referenced as if they are named defendants. In light of Plaintiff's *pro se* status, the court assumes that he meant to name MERS and Fremont as defendants. Accordingly, the court's analysis with respect to Defendant applies equally to MERS and Fremont.

raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006) (per curiam) (emphasis omitted). A district court must nevertheless dismiss an IFP action at any time when it fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

To determine whether dismissal is appropriate, "a court must accept as true all [factual] allegations contained in a complaint," but need not accept "legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For this reason, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to insulate a claim against dismissal. *Id*. Moreover, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint . . . has not shown that the pleader is entitled to relief." *Id.* at 679 (quotation marks omitted).

Plaintiff took out a $620,100 loan from Fremont, secured by a mortgage on Plaintiff's property in Brooklyn, New York. (*See* Compl., Dkt. Entry 1, at 16-17.)[2] In the complaint, Plaintiff makes a series of allegations related to the mortgage that only make literal sense when read as affirmative defenses to a foreclosure action in state court. The allegations refer to "plaintiff" when the context shows that Plaintiff is attempting to refer to Defendant, and vice versa, challenge "this court's" jurisdiction, and assert that "these proceedings" are frivolous. Assuming that the complaint means Defendant where it says "plaintiff," the complaint alleges that: 1) MERS lacks standing to foreclose on the mortgage; 2) "the court" lacks jurisdiction over Plaintiff because Defendant failed to serve process on Plaintiff and Plaintiff lacks minimal

---

[2] The court cites to the paragraph numbers in the complaint where the paragraphs are numbered. Otherwise, citations are to page numbers assigned by the court's ECF system.

contacts with this jurisdiction; 3) "these proceedings are frivolous" because Defendant does not have true ownership of the mortgaged property and/or has not provided the court with the correct mortgage documents; and 4) the mortgage loan at issue was "predatory" and the court should discharge the loan pursuant to New York Real Property Actions and Proceedings Law § 1921(1). (*See generally* Compl. at 1-14.) Plaintiff also attaches to the complaint the loan agreement with Fremont and printouts from a website containing complaints about third-party Wells Fargo's foreclosure practices. (*See id.* 15-55.)

The allegations in the complaint, which broadly appear to challenge Defendant's standing to foreclose on the mortgage and a state court's jurisdiction to adjudicate a previous foreclosure action, are affirmative defenses that should have been raised in the state court foreclosure action. They are not substantive claims for relief that this court can grant. *See Karamath v. U.S. Bank, N.A.*, 2012 WL 4327613, at *7 (E.D.N.Y. Aug. 29, 2012) (explaining that standing is an affirmative defense appropriately raised in a foreclosure action, not a claim for relief in a separate federal matter, and citing cases).

To the extent Plaintiff raised its arguments as defenses in a state foreclosure proceeding and is now claiming that the state court granted judgment in favor of Defendant even though it lacked standing and the state court lacked jurisdiction, such a claim is barred by the *Rooker–Feldman* doctrine. Pursuant to the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments." *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F. 3d 77, 84 (2d Cir. 2005). Entertaining claims that a state court erroneously rejected Plaintiff's affirmative defenses in a separate action would force this court to act essentially as an appellate court, because the court would have to scrutinize the state court's reasoning and potentially undermine the decision. This is precisely what the *Rooker-*

*Feldman* doctrine forbids. *See Hinds v. Option One Mortg. Corp.*, 2012 WL 6827477, at *3 (E.D.N.Y. Dec. 6, 2012) (dismissing similar claims under the *Rooker-Feldman* doctrine that a state court improperly granted foreclosure and sale), *report & recommendation adopted by* 2013 WL 132719 (E.D.N.Y. Jan. 10, 2013); *Jing Chun Wu v. Levine*, 2005 WL 2340722, at *2 (E.D.N.Y. June 3, 2005) ("Courts in this Circuit have consistently held that any attack on a judgment of foreclosure is clearly barred by the Rooker-Feldman doctrine."), *aff'd*, 314 F. App'x 376 (2d Cir. 2009). Only the appropriate state appellate court can review and correct errors made by the trial court in any state court foreclosure action.

Moreover, Plaintiff purports to bring his claims pursuant to 42 U.S.C. § 1983 ("Section 1983") and 42 U.S.C. § 1985 ("Section 1985"), and suggests that Defendant deprived Plaintiff of his constitutional rights. (*See* Compl. at 1-2, ¶ 7.) Neither statute can provide Defendant relief in this instance. "Section 1983 addresses only those injuries caused by state actors or those acting under color of state law." *Spear v. Town of W. Hartford*, 954 F. 2d 63, 68 (2d Cir. 1992). "A private defendant may be held liable only as a willful participant in joint activity with the State or its agents." *Id.* (quotation marks omitted). Defendant is a private actor and there are no allegations that it conspired with the government in originating, holding, servicing or foreclosing upon Plaintiff's mortgage.

Under Section 1985, Plaintiff must demonstrate: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right of a citizen of the United States." *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F. 3d 1085, 1087 (2d Cir. 1993). In addition, "the conspiracy must also be motivated by some racial or

4

perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action." *Id.* at 1088 (quotation marks omitted). Plaintiff has not alleged that Defendant was motived by race or any other discriminatory reason in its alleged wrongdoing. *See Chestnut v. Wells Fargo Bank, N.A.*, 2012 WL 1657362, at *5 (E.D.N.Y. May 7, 2012) (dismissing similar Section 1985 claim for failure to plead discriminatory motivation for foreclosure). Therefore, Plaintiff has not stated a Section 1985 claim.

Plaintiff also refers to the mortgage loan as "predatory" and seeks a declaration under New York Real Property Actions and Proceedings Law § 1921(1) ("Section 1921(1)") discharging the debt. (*See* Compl. ¶ 8.) Plaintiff does not provide any facts supporting his conclusion that the loan was predatory or otherwise describe why he believes the loan was fraudulent. Moreover, Section 1921(1) does not help Plaintiff here. Section 1921(1) provides essentially that a mortgagor must acknowledge and record in the public register that a mortgage has been satisfied once a mortgagee has paid the mortgage in its entirety. *See* N.Y. Real Prop. Acts. § 1921(1). Plaintiff has not alleged that he has fully paid the loan, but merely that the loan somehow is unenforceable. Therefore, Section 1921(1) is inapplicable.

Generally, a court should not dismiss a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F. 3d 99, 112 (2d Cir. 2000). Plaintiff's assertions that the mortgage loan was fraudulent or predatory are so completely devoid of facts that the court cannot determine whether a valid claim can be stated. In light of Plaintiff's *pro se* status, the court grants Plaintiff an opportunity to file an amended complaint to include allegations that the mortgage was fraudulent or predatory, if Plaintiff can make such allegations in good faith. Plaintiff also must clarify which parties he is attempting to bring claims against.

5

In any amended complaint, if Plaintiff seeks to raise claims under state law, rather than federal law, Plaintiff must specifically allege where any defendants are located, so the court can determine whether it has subject matter jurisdiction over any such claims. *See Marcelo v. EMC Mortg. Corp.*, 2011 WL 1792671, at *2 (E.D.N.Y. May 6, 2011) ("For purposes of diversity jurisdiction, a corporation's citizenship is its principal place of business and the state where it was incorporated. Without this information, the Court is unable to make a determination whether complete diversity exists." (internal citations omitted)). If Plaintiff does not file an amended complaint by April 2, 2013, the action will be dismissed with prejudice.

Finally, while the court grants Plaintiff's IFP application for the purpose of this Summary Order, the court notes that Plaintiff's IFP application is deficient and is otherwise denied, with leave to file an amended application. The IFP statute, 28 U.S.C. § 1915, permits litigants to proceed IFP in order to ensure that indigent persons have equal access to the judicial system. *Davis v. N.Y.C. Dept. of Educ.*, 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010). The question of whether a plaintiff qualifies for IFP status is within the discretion of the district court. *DiGianni v. Pearson Educ.*, 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010).

Here, Plaintiff states in his IFP application that he has zero dollars in income and assets. The court finds it difficult to believe that Plaintiff has no income, no money and no expenses, and can still survive. Thus, the financial information that Plaintiff has submitted in support of his IFP request is insufficient for the court to determine whether he is able to pay the filing fee. If Plaintiff files an amended complaint, Plaintiff must, at the same time, file a revised application with accurate and detailed information as to income he receives from any sources, including government benefits, and his monthly expenses. For his revised IFP application, Plaintiff must use the long form IFP application attached to this Order.

## CONCLUSION

For the reasons set forth above, the complaint is dismissed without prejudice to file an amended complaint. Plaintiff must file any amended complaint NO LATER THAN APRIL 2, 2013. In any amended complaint, Plaintiff must use the same docket number currently assigned to this action, 13-cv-293. For Plaintiff's convenience, "Instructions on How to Amend a Complaint" are attached. In addition to pleading any facts to support subject matter jurisdiction, Plaintiff also must plead facts supporting his assertion that the mortgage loan at issue was fraudulent or predatory. If Plaintiff files an amended complaint, Plaintiff must also file a renewed IFP using the long form application attached to this Order, including detailed information as to income he receives from any sources, including government benefits, and his monthly expenses. If Plaintiff fails to file an amended complaint by April 2, 2013, this action will be dismissed with prejudice.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
       March 1, 2013

                                      _____/s/_____
                                           DORA L. IRIZARRY
                                        United States District Judge